In re WHITE FAWN MILLING CO.

MARKS v. WHITE FAWN MILLING CORPORATION

et al.

HUMPHERYS, State Engineer, v. MAXFIELD FEED & COAL, Inc.

Nos. 6229, 6287. Decided February 4, 1941. (110 P. 2d 331.)

1

*Grover A. Giles,* Atty. Gen., and *E. J. Skeen,* of Salt Lake City, for appellant.

*W. W. Ray,* of Salt Lake City, Amici Curiae.

*G. A. Goates,* of Salt Lake City, for plaintiff and respondent.

E. F. Richards, of Salt Lake City, for defendant and respondents.

MOFFAT, Chief Justice.

On June 10, 1939, the Walker Bank and Trust Company was appointed receiver by the District Court of the Third Judicial District of the State of Utah to take over all of the assets of the White Fawn Milling Corporation, upon the application of Louis L. Marks, plaintiff in case No. 6229. Notice was given requiring creditors to file claims.

During the years 1937, 1938 and part of 1939, the White Fawn Milling Corporation was the owner of a right to the use of water from the Jordan river for milling purposes. During that period the water to which the White Fawn Milling Corporation was entitled had been distributed by a water commissioner appointed by the State Engineer, as provided by statute.

In the receivership action the State Engineer timely filed claim for the pro rata share of salary and expenses of the commissioner incident to the distribution claiming $142.40 for the year 1937, $120.96 for the year 1938 and $111.96 for the part of the year 1939. The pro rata share is estimated or apportioned on or about the first of May of each year. The State Engineer submitted the claim as a preferred claim.

In a petition for approval, allowance of claims, disallowance of claims, and authority to pay dividends, the receiver recommended that the claim filed by the State Engineer be disallowed as a preferred claim but be allowed as a common claim. The State Engineer made timely objection and appeared at the time of the hearing in support of the objection. The court, however, adopted the recommendations of the receiver and allowed the claim as a common claim.

Appellant contends the trial court was in error in making and entering such order.

Following this action the State Engineer brought suit against the Maxfield Feed and Coal, Incorporated, a corporation, suit No. 6287, purchaser of the property of the White Fawn Milling Corporation from the receiver. The property so purchased included the water rights.

It is alleged in the complaint that the State Engineer notified the defendant, Maxfield Feed & Coal, to pay all the delinquencies claimed against the White Fawn Milling Corporation or it would be forbidden the use of the water from Jordan river. The defendant refused to pay the alleged delinquencies of the White Fawn Milling Corporation and denied that it had assumed any obligation to pay any pro rata

charges against the water distribution prior to its purchase of the property from the receiver.

The cause was submitted upon the pleadings and the admission that the plaintiff had filed a claim for $375.32 with the receiver covering the pro rata costs of water distribution to the White Fawn Milling Corporation 'for the years 1937, 1938 and part of 1939, and that the claim was disallowed as a preferred claim but was allowed as a common claim. A dividend was paid by the receiver and received by the plaintiff without prejudice. This was stipulated, also.

The court made findings of fact in accordance with the admitted facts and concluded the plaintiff was not entitled to recover from the Maxfield Feed and Coal and entered a decree dismissing the suit. The plaintiff appeals.

Two errors are claimed to have been made by the trial court: One in each case. In the receivership case, *Marks* v. *White Fawn Milling Corporation* (No. 6229), it was alleged as error to disallow the appellant's claim as a preferred claim; and in the suit to recover from the purchaser of the property from the receiver, *Humpherys* v. *Maxfield Feed and Coal, Inc.* (No. 6287), it was alleged to be error to dismiss the suit.

The two errors assigned merge into but one question of law. The matter was so argued and submitted to this court. If the claim for pro rata water distribution charges was not a preferred claim, the claim would not attach to property sold by the receiver unless so provided in the sale. True, the receiver sold the interest of the defendant in the property brought within the jurisdiction of the court in the receivership proceeding. The receiver did sell all interests the defendant had. The issues presented by the consolidated actions resolve themselves into the answer to the single question: Was the property which the receiver sold to defendant subject to an encumbrance in favor of the State Engineer for pro rata water assessments against the White Fawn Milling Corporation?

Appellant, it seems contends there is some sort of *encumbrance* created by the statute against the water right. In argument the words *"assessment"*, *"tax"*, *"lien"*, "encumbrance" are used as well as "delinquency" and that the statute was intended to give "two remedies one in rem and one in personam" for the collection of the salary and expenses of the water commissioner.

Sec. 100-5-1, R. S. U. 1933, reads:

"Whenever in the judgment of the state engineer, or the district court, it is necessary to appoint a water commissioner for the distribution of water from any river system or water source, such commissioner shall be appointed annually by the state engineer, after consultation with water users. The form of such consultation and notice to be given shall be determined by the state engineer as shall best suit local conditions, full expression of majority opinion being, however, provided for. If a majority of the water users, as a result of such consultation, shall agree upon some competent person to be appointed as water commissioner, the duties he shall perform and the compensation he shall receive, and shall make recommendations to the state engineer as to such matters or either of them, the state engineer shall act in accordance with their recommendations; but if a majority of water users do not agree as to such matters, then the state engineer shall make a determination for them. The salary and expenses of such commissioner shall be borne pro rata by the users of water from such river system or water source, upon a schedule to be fixed by the state engineer, based on the established rights of each water user, and such pro rata share shall be paid by each water user to the state engineer in advance on or before the 1st day of May each year, and upon failure so to do the state engineer may forbid the use of water by any such delinquent while such default continues, and may bring an action in the district court for such unpaid expense and salary, or the district court having jurisdiction of his person may issue an order to show cause upon any delinquent user why a judgment for such sum should not be entered. Any such commissioner may be removed by the state engineer for cause. The users of water from any river system or water source may petition the district court for the removal of any such commissioner, and after notice and hearing the court may order the removal of such commissioner and direct the state engineer to appoint his successor."

The statute provides a method for the selection and appointment of a commissioner to apportion and distribute the

water to the users of water from a source; a plan for payment and collection. In certain ways the State Engineer is made the agent of the users in carrying out the purposes of the statute. It is also provided that:

"The salary and expenses of such commissioner shall be borne pro rata by the users of water from such river system or water source, *upon a schedule* to be fixed by the state engineer, *based on the established rights of each water user*, and such pro rata share shall be paid by each water user to the state engineer [to pay the salary and expenses of the commissioner] in advance on or before the 1st day of May each year." (Italics added.)

The statute then provides a procedure in the event the user fails to pay, which payment unless contested presumably, becomes due and payable upon the determination of each user's pro rata share in the following language:

"and upon failure so to do the state engineer may forbid the use of water by any such delinquent while such default continues, and may bring an action in the district court for such unpaid expense and salary, or the district court having *Jurisdiction of his person* may issue an order to show cause upon any delinquent user why a judgment for such sum should not be entered." (Italics added.)

Here the matter endeth. No use is made by the legislature in the statute of the word "assessment", special or otherwise, or "tax" or "lien" or "encumbrance." We can find no justification for reading any of them into the statute.

Finding no authority express or otherwise in the statute, Sec. 100-5-1, R. S. U. 1933, for the imposition of any tax, assessment, lien or encumbrance, and the statute being clear as to the procedure for ascertaining the amount of the pro rata salary and expenses involved in the distribution, and the procedure for the collection of the obligation to pay for the service being one against the person and not the property, there is nothing to construe.

Counsel cited the case of *Minersville Reservoir & Irrigation Company* v. *Rocky Ford Irrigation Company*, 90 Utah

283, 61 P. (2d) 605, 611, in which the following language was used:

"In a sense an unpaid water assessment becomes an incumbrance against the water right when the state engineer refuses to deliver the water because the assessment is not paid." The language just quoted is an unfortunate side remark and was not pertinent to the issues in the case. The author was using assessment and encumbrance in the sense of the obligation to pay the pro rata share of salaries and expenses. The gist of that case was "the right * * * to collect * * * from the water user cannot be defeated by an attempt of water user to assign its liability for the payment thereof to another."

The judgment of the trial court is correct and is therefore affirmed in both cases.

Costs to respondents.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice.

I concur in the result. The statute does not create an encumbrance on the water right. It gives the State Engineer a club for the collection of the assessment against the owner who owes the money in that the former may refuse to permit use of the water. Whether this power of coercion extends to a grantee who did not take in good faith need not now be decided. Suffice it to say that the right of coercion cannot be transmutted into an encumbrance or a condition precedent to the use of the water. It is a power to withhold use given to the State Engineer by the statute extending only to the one who owes the assessment. One justification for the power lies in the fact that the owner of the water right has only a use right reversion being in the state.